UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PATRICIA REDGATE and : | |
| ANDREW REDGATE : | |
| : | |
| vs. : | Case No.: 1:25-cv-00372-JJM-AEM |
| : | |
| ROGER WILLIAMS HOSPITAL; : | |
| RICHARD J. ZIENOWICZ, M.D., INC.; : | |
| RICHARD J. ZIENOWICZ, M.D.; : | |
| MARIJA ZHUKOV, M.D.; : | |
| JOHN and/or JANE DOE, CRNA, Alias; : | |
| and JOHN DOE CORPORATION, Alias : | |

## PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ROGER WILLIAMS HOSPITAL

### Introduction

Plaintiffs Patricia and Andrew Redgate oppose the motion of William M. Gantz, Esq. and Duane Morris, LLP to withdraw as counsel for defendant Roger Williams Hospital. The motion should be denied because withdrawal at this stage would unduly prejudice plaintiffs, disrupt the orderly progress of the case, and risk causing avoidable delay in contravention of the Court's management of its docket. Counsel for Roger Williams Hospital has not shown good cause that outweighs these harms, and any substitution of counsel should be conditional to avoid prejudice.

### Procedural Background

On February 4, 2026, attorney William M. Gantz, Esq. of Duane Morris, LLP noticed a motion, pursuant to Local Rule Gen. 206, seeking leave to withdraw as counsel for defendant Roger Williams Hospital, supported by an accompanying memorandum and declaration referenced in the notice.

The notice sets the time and date for hearing convenient to the Court and identifies Duane Morris, LLP and Mr. Gantz as moving counsel.

The certificate of notice reflects that counsel served Roger Williams Hospital by both U.S. mail and certified mail at 71 Haynes Street, Manchester, Connecticut 06040-4131, and served counsel of record for other parties electronically or by mail on February 4, 2026.

**Argument**

I. **The Court should deny withdrawal where it would cause undue delay and prejudice to the opposing party.**

Granting such withdrawal risks adjournment of deadlines, duplicative work by successor counsel, and interruptions to discovery and motion practice, all of which would prejudice plaintiffs and burden the Court. Plaintiffs have proceeded in reliance on existing schedule and counsel alignments; allowing defendant's counsel to withdraw without concrete, immediate substitutions would likely necessitate continuances and re-opening tasks already underway. The decision to grant or deny an attorney's motion to withdraw rests within the sound discretion of the Court. *Byrd v. District of Columbia*, 271 F. Supp. 2d 174 (D.D.C. 2003), *Miller v. Dunn & Phillps, P.C.*, 839 F. Supp. 2d 383 (D. Mass. 2011).

Most federal district courts apply a multi-factor test when evaluating withdrawal motions. The District of New Jersey, for example, requires courts to consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427 (D.N.J. 2018); See also, *Byrd v. District of Columbia*, 271 F. Supp. 2d 174 (D.D.C. 2003).

The equities favor stability absent a compelling showing of good cause tied to non-prejudicial timing and arrangements.

**II.     The attorney's motion does not demonstrate good cause outweighing case-management concerns.**

The notice cites Local Rule Gen. 206 but provides no substantive grounds justifying withdrawal that could overcome prejudice and delay. On the current record, there is no assurance that defendant has secured substitute counsel, no representation that existing deadlines will be met without modification, and no proposal to mitigate prejudice.

For corporate clients, the prejudice analysis includes unique considerations since corporations cannot proceed pro se. *Miller v. Dunn & Phillps, P.C.*, 839 F. Supp. 2d 383 (D. Mass. 2011), the court noted that "corporations cannot litigate pro se" under local rules, and, therefore, were the court to allow defendant's counsel to withdraw, the corporate defendant, without substitute counsel, could well be forced into a default judgment. (839 at 386). Where the moving party does not establish that withdrawal can occur without disrupting the case, denial is appropriate.

**III.    At minimum, any withdrawal should be denied without prejudice or conditional to protect the schedule and plaintiffs' interests.**

If the Court is inclined to permit withdrawal, it should impose conditions to eliminate prejudice and avoid delay, including: (a) requiring appearance of substitute counsel for Roger Williams Hospital within fourteen (14) days; (b) prohibiting any extensions or stays attributable to the change in counsel; and (c) maintaining all existing deadlines and hearing dates. These safeguards would preserve plaintiffs' rights and the Court's schedule.

## Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court deny the motion to withdraw as counsel for Roger Williams Hospital. Alternatively, plaintiffs request that any withdrawal be conditional as set forth above to prevent delay or prejudice.

Respectfully submitted,

Plaintiffs,
By their Attorneys,

/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
Katelyn M. Revens (#9078)
**DeLCUA, WEIZENBAUM,**
**BARRY & REVENS, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 (fax)
bud@dwbrlaw.com
kate@dwbrlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PATRICIA REDGATE and | : | |
| ANDREW REDGATE | : | |
| | : | |
| vs. | : | Case No.: 1:25-cv-00372-JJM-AEM |
| | : | |
| ROGER WILLIAMS HOSPITAL; | : | |
| RICHARD J. ZIENOWICZ, M.D., INC.; | : | |
| RICHARD J. ZIENOWICZ, M.D.; | : | |
| MARIJA ZHUKOV, M.D.; | : | |
| JOHN and/or JANE DOE, CRNA, Alias; | : | |
| and JOHN DOE CORPORATION, Alias | : | |

## **CERTIFICATION**

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and that papers copies have been sent to those indicated as non-registered participants on this 11th day of February 2026.

/s/ Amato A. DeLuca