UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PATRICIA REDGATE and ANDREW REDGATE,<br><br>    Plaintiffs,<br><br>v.<br><br>ROGER WILLIAMS HOSPITAL; RICHARD J. ZIENOWICZ, M.D., INC.; RICHARD J. ZIENOWICZ, M.D.; MARIJA ZHUKOV, M.D.; JOHN and/or JANE DOE, CRNA, Alias; and JOHN DOE CORPORATION, Alias,<br><br>    Defendants. | Civil Case No. 1:25-cv-00372-JJM-AEM |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT ROGER WILLIAMS HOSPITAL

### PRELIMINARY STATEMENT

The Motion to Withdraw should be granted.  On February 4, 2026, William M. Gantz, Esq. and Duane Morris, LLP, counsel (together, "Counsel") for Defendant Roger Williams Hospital ("Prospect"), filed a motion with client consent ("Motion") seeking to withdraw as Counsel for Defendant Prospect in the above captioned action.

Plaintiffs filed an opposition ("Opposition") to the Motion on February 11, 2026, erroneously asserting that Counsel did not demonstrate good cause for the withdrawal that could overcome (purported) prejudice and delay to Plaintiffs and the case schedule.  Plaintiffs' Opposition is without merit, and indeed it is facially devoid of any specific facts showing that any undue delay or prejudice that would result from Counsel's withdrawal. For the reasons that follow, Plaintiffs' arguments are unavailing and the Motion should be granted.

*First*, Plaintiffs have not established and cannot establish that Counsel's withdrawal will delay the current case schedule or prejudice any parties to this action. As set forth in Counsel's Motion, this action is in the early stages of discovery. Motion, ¶ 6. The end date for all fact discovery is currently more than six months away, August 28, 2026, and dispositive motions are not due until next year, January 6, 2027. Aside from the instant Motion, no other motions or hearings are pending and a trial date has not been set. Plaintiffs' vague references to interrupted discovery and motion practice fail to identify any specific motions, discovery, or aspect of the Court's case management schedule that would require adjournment if the Court grants Counsel's Motion.  Lacking any such facts, the Motion should be granted.

*Second*, Plaintiffs' assertion that Prospect may default if Counsel withdraws also fails to demonstrate prejudice to Plaintiffs or any other party. This action was filed on August 4, 2025, after Prospect filed a petition for Chapter 11 bankruptcy on January 11, 2025.[1] Under the Bankruptcy Plan approved by the United States Bankruptcy Court for the Northern District of Texas on December 15, 2025, Plaintiffs are unsecured creditors of Prospect.  Motion, ¶ 3.  Plaintiffs' claims are therefore subject to resolution under the broad authority granted to the General Unsecured Creditor Trust ("GUC Trust") established under the Bankruptcy Plan.  Declaration of William M. Gantz ("Gantz Decl."), Ex. A, [ECF No. 4230], p. 52.

Further, under the Bankruptcy Plan, Prospect is not responsible for insurance deductibles or self-insured retention obligations.  *Id.* p. 51.  Nor are there insurance funds available to pay Counsel. Likewise, the Disclosure Statement filed of record in the bankruptcy case (and incorporated into the Bankruptcy Plan) is clear that for the policy period that encompasses the Redgate suit, there is a $7.5m self-insured retention (which again Prospect cannot pay, as confirmed by the Bankruptcy Plan).  Gantz Decl. Ex. B, p. 53.  In other words, whether judgment is obtained against Prospect on the merits or by way

---

[1] *In re Prospect Medical Holdings, Inc.,* et al., Case No. 25-80002-sgj11 [ECF No. 1].

of Prospect's default, Plaintiffs' recovery (if any) is limited to funds available in the GUC Trust and by the terms of the Bankruptcy Plan. Counsel's withdrawal has no bearing on either of those court-approved mechanisms and causes no prejudice.

*Third*, Plaintiffs' argument that withdrawal should be conditioned on preservation of the case schedule is without basis. Prospect does not seek to change the case schedule. Moreover, Plaintiffs have been provided with contact information at Chartercare in Rhode Island for any information requests, and may readily issue subpoenas to Prospect should it deem that necessary. Nothing in Plaintiff's opposition justifies tethering Counsel to a matter where its bankrupt client has consented to its withdrawal.

## ARGUMENT

I.      **Plaintiffs Have Not Established That Delay or Prejudice Will Result from Counsel's Withdrawal**

On August 17, 2025 Counsel filed a notice of bankruptcy and Petition for an Automatic Stay on behalf of Prospect in this action. [ECF No. 8]. Based on that notice – the only filing Counsel has entered in this action on behalf of Prospect – Plaintiffs argue that they have relied on "existing schedule and counsel alignments" and allowing withdrawal of Counsel would "necessitate continuances and re-opening tasks already underway." Opposition, p. 2. Not so.

A review of the docket confirms that Counsel's Motion is the only application pending before this Court. No hearings are scheduled; fact discovery does not close until August 28, 2026; and dispositive motions are to be filed by January 6, 2027. *See* November 19, 2025 Pretrial Scheduling Order [ECF No. 23]. Plaintiffs' vague references to continuances and tasks that are underway do not identify any part of the existing schedule that would be delayed by Counsel's withdrawal. Opposition, p. 2.

Courts in the First Circuit routinely grant withdrawal where, as here, a litigation is in the early phase of discovery; there has been a cessation of the attorney client relationship; and counsel will be forced to carry the cost of continued representation. *Lieberman v. Polytop Corp.,* 2 F. App'x 37, 40 (1st Cir. 2001); *Cozy, Inc. v. Dorel Juv. Grp., Inc.*, 711 F. Supp. 3d 19, 24 (D. Mass. 2024) (granting dismissal

where counsel had not been paid, fact discovery remained outstanding and potential trial dates set by the Court were still several months away). Rhode Island state courts follow the same reasoning. *See Silva v. Perkins Mach. Co.,* 622 A.2d 443, 444 (R.I. 1993) (granting withdrawal where the case was in the early, noncritical stage of discovery because it would be unfair to impose the costs of litigation on the attorney).

Prospect has consented to Counsel's withdrawal, and Prospect will not defend against Plaintiffs' unsecured claims.  Motion. ¶ 2.  Plaintiffs' recovery (if any) would be limited to funds available in the GUC Trust and by the terms of the Bankruptcy Plan.  Gantz Decl. Ex. B, p. 53.  Prospect lacks the resources to pay Counsel and there are no insurance funds to pay Counsel.  Counsel has demonstrated that good cause exists to grant the Motion.

> **II.      Counsel's Good Cause is Not Outweighed by Case Management Concerns or a Potential Default by Prospect.**

Plaintiffs contend that Counsel has failed to demonstrate good cause that would overcome their unsubstantiated claims of delay and prejudice.  Opposition, p. 3.  Plaintiffs are wrong.  As noted above, Plaintiffs cannot point to any part of the current case schedule that would be affected if the Court grants the Motion. The Opposition's citation to *Miller v. Dunn & Phillips, P.C.* 839 F.Supp.2d 383 (D. Mass. 2011) is misplaced.  *Miller* concerned a multi-district litigation that, unlike this action, was four weeks away from trial when counsel sought to withdraw. *Id.* at 386-387.

The attorneys of record in Miller also filed nearly one hundred documents, including motions: to compel, for discovery, to quash, for protective orders, to dismiss on jurisdictional and summary judgment. *Id.* at 386. Unlike the instant case, where the Opposition identifies no specific aspects of this action that will be delayed, plaintiffs in Miller showed that trial preparation was already under way and trial witnesses had been subpoenaed. *Id.* at 387. The Court found that the attorneys' vigorous representation across multiple districts over several years imparted a level of knowledge concerning the underlying facts, the law and the parties that could not easily be replaced by substituting counsel at the late

stages of the litigation.  The Court reasoned that a late withdrawal would result in delay and prejudice to the Court and all parties.

By contrast, Counsel have entered a single filing on behalf of Prospect in this action and discovery has barely commenced.

Plaintiffs further argue Prospect cannot proceed *pro se* as a corporate entity and the possibility of a default by Prospect warrants denial of the Motion.  Opposition, p. 3, citing *Miller* 839 F.Supp.2d at 386.[2]  This too is unfounded.

Plaintiffs' claims in this action are unsecured claims subject to the Bankruptcy Plan.  Motion ¶ 6. As such, the claims will be resolved through the General Unsecured Creditors Trust. *In re Endo Int'l Plc,* 674 B.R. 349, 371 (Bankr. S.D.N.Y. 2025) ("A GUC Trust—short for General Unsecured Creditors Trust— is a post-confirmation litigation and distribution vehicle created in a Chapter 11 bankruptcy case to handle claims of general unsecured creditors."). Plaintiffs do not dispute that they are unsecured creditors of Prospect.

Under the Bankruptcy Plan, Prospect is not responsible for insurance deductibles and self-insured retentions:

> The Debtors shall not be responsible to Holders of Allowed Insured Claims for any deductible or self-insured retention obligations incurred prior to the Petition Date a ("Prepetition Insurance Amount"), and all Claims for such deductibles and self-insured retention obligations shall be treated as Class 8 General Unsecured Claims, to the extent Allowed.

Gantz Decl. Ex. A., p. 51

Plaintiffs' recovery from any judgment against Prospect is limited to the amount allowed by the GUC Trust and by the Bankruptcy Plan.  *Id*., p. 52.  Claims against Prospect's insurance deductibles and self-insured retentions are expressly prohibited by the Bankruptcy Plan. *Id.* p. 51.  Likewise, the

---

[2] The corporate defendant represented by the attorneys in *Miller* was not in bankruptcy.

Disclosure Statement filed of record in the bankruptcy case (and incorporated into the binding Bankruptcy Plan) is clear that for the policy period that encompasses the Redgate suit, there is a $7.5m self-insured retention (which again Prospect cannot pay, as confirmed by the Plan).  Gantz Decl. Ex. B, p. 53. Plaintiffs' recovery (if any) would be limited to funds available in the GUC Trust and by the terms of the Bankruptcy Plan.  Counsel's withdrawal has no bearing on either of those court-approved mechanisms and causes no prejudice.

Nor do Plaintiffs attempt to explain how Counsel could somehow prevent a default by a bankrupt entity that is unwilling to defend claims that are subject to the Bankruptcy Plan.

In short, the Motion is well founded and withdrawal should be granted.

### III.    Counsel's Withdrawal Does Not Bar or Delay Plaintiffs from Obtaining Discovery

Lastly, Plaintiffs contend that the Motion should be denied without prejudice until Prospect obtains new counsel, or be conditioned on maintaining the current discovery schedule.  Prospect does not seek to change the discovery schedule.  And Prospect lacks resources to pay Counsel or replacement counsel.  Moreover, Plaintiffs' argument fails identify what discovery cannot be timely obtained from Prospect though subpoenas.

Withdrawal does not prohibit a plaintiff from taking the testimony of or seeking discovery from the Prospect that is related to their claims against other parties to this action.   Plaintiffs have not shown that Prospect would be exempt from discovery.  Moreover, Prospect has put Plaintiffs' counsel directly in contact with counsel for Chartercare, which counsel will field future questions regarding patient records (if necessary).  In sum, Plaintiffs' opposition is without merit.

### CONCLUSION

Good cause for withdrawal exists.  Counsel's client has consented.  Neither Plaintiffs nor the Court's schedule will be unfairly impacted by that withdrawal. Accordingly, William M. Gantz, Esq. and Duane Morris, LLP respectfully request that the Court schedule a hearing of this Motion, that the annexed

6

Notice to Prospect setting forth the date, time and place of the hearing be completed by the Clerk of the

Court and returned to the undersigned for service; and that the forgoing Motion be granted by the Court.

Dated: February 18, 2026

                                         Duane Morris LLP

                                         By:*/s/William M. Gantz*
                                         William M. Gantz, Esq.
                                         100 High Street, Suite 2400
                                         Boston, MA 02110-1724
                                         Tel.:  +1 857 488 4234
                                         Email:BGantz@duanemorris.com

## CERTIFICATION OF SERVICE

I, William M. Gantz hereby certify that a copy of the above was mailed or electronically delivered on February 18, 2026, to all counsel and self-represented parties of record listed below and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were electronically served.

**Roger Williams Hospital**
(Via both U.S. Mail and certified,
return receipt requested mail)
825 Chalkstone Avenue
Providence, RI  02908

**Amato A. DeLuca**
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
401-453-1500
Fax: 401-453-1501
Email: bud@dwbrlaw.com

**Mark P. Dolan**
Rice Dolan & Kershaw
The Aldrich Building
72 Pine Street
Suite 300
Providence, RI 02903
401-272-8800
Email: ricedolan@ricedolan.com

**Paul F. Galamaga**
Ratcliffe Harten Galamaga LLP
40 Westminster Street
Suite 700
Providence, RI 02903
401-331-3400
Fax: 401-331-3440
Email: pgalamaga@rhgllp.com

**Benjamin A. Lee**
Ratcliffe Harten Galamaga LLP
40 Westminster Street
Suite 700
Providence, RI 02903
401-331-3400
Fax: 401-331-3440
Email: blee@rhgllp.com

Dated: February 18, 2026

By:/s/William M. Gantz
William M. Gantz (8792)